UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

**MAYRA BURGOS,**
    **- Plaintiff**

    **v.**                            **CIVIL NO. 3:09-CV-1216 (VLB) (TPS)**

**MICHAEL J. ASTRUE,**
**COMMISSIONER, SOCIAL**
**SECURITY ADMINISTRATION,**
    **- Defendant**

## MAGISTRATE JUDGE'S OPINION

Pursuant to 42 U.S.C. § 405 (g), the plaintiff, Mayra Burgos, seeks review of the final decision of the defendant, the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits and supplemental security income. For the reasons set forth below, the plaintiff's motion to reverse or to remand the Commissioner's decision (Dkt. #14) should be DENIED and the Commissioner's motion to affirm (Dkt. #18) should be GRANTED. 28 U.S.C. § 636 (b).

The plaintiff alleges that she became disabled on June 28, 2003, at age 41. After the plaintiff's application for benefits was denied, she requested a hearing before an Administrative Law Judge ("ALJ"). ALJ Virginia Kuhn held a hearing, which consisted of testimony by the plaintiff and a vocational expert, on October

1

30, 2008. (Tr. 24-48)  The ALJ then issued a decision on March 2, 2009, finding that the plaintiff was not disabled. (Tr. 5-23)  The Commissioner's Decision Review Board denied the plaintiff's request for review of the ALJ's decision on June 3, 2009 (Tr. 1-3), and the plaintiff then filed the present case.

The ALJ must apply a five-step sequential evaluation process to each application for disability benefits.  See 20 C.F.R. §§ 404.1520 & 416.920.  First, the ALJ determines whether the claimant is employed.  If the claimant is unemployed, the ALJ proceeds to the second step to determine whether the claimant has a severe impairment preventing her from working.  If the claimant has a severe impairment, the ALJ proceeds to the third step to determine whether the impairment is equivalent to an impairment listed in 20 C.F.R. pt. 404, subpt. P, App. 1.  If the claimant's impairment meets or equals a listed impairment, the claimant is disabled.  However, if the claimant does not have a listed impairment, the ALJ proceeds to the fourth step to determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work.  If the claimant cannot perform her past relevant work, the ALJ proceeds to the fifth step to determine whether the claimant can perform any other work available in the national economy in light of the claimant's RFC, age, education, and work experience.  The claimant is entitled to disability benefits only if she is unable to perform other such

2

work.  The claimant bears the burden of proof as to the first four steps, while the Commissioner bears the burden of proof as to the fifth step.  Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008).

In the present case, the ALJ determined that the plaintiff was unemployed and that she had the severe impairments of "depression, fibromyalgia, epicondylitis of the left elbow, headaches and obesity." (Tr. 13-16)  The ALJ then determined that the plaintiff did not have an impairment or combination of impairments that met or equaled any of the listed impairments.  (Tr. 16-18)  The ALJ found that the plaintiff had the RFC "to perform light work . . . except that she is limited to following simple 1-2 step instructions in a low stress environment with no fast paced tasks and no high production goals; and demonstrated instructions, lifting or carrying 10 pounds frequently and 20 pounds occasionally, sitting, standing, and walking up to 8 hours with the opportunity to shift position briefly, occasionally climbing ramps and stairs, no climbing ladders, ropes, and scaffolds, occasional balancing, stooping, and kneeling; no crouching and crawling, occasionally reaching overhead or reaching in all directions with the left arm or hand." (Tr. 18-21)  In light of that RFC, the ALJ determined that the plaintiff could not perform her past relevant work as a dry cleaner and sewing machine operator.  (Tr. 21-22)  However, the ALJ determined that the plaintiff could perform light work jobs such as a hand packer or a food preparation worker.  (Tr.

22-23) The ALJ accordingly concluded that the plaintiff was not disabled.

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by substantial evidence or if the decision is based on legal error. . . . Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burgess v. Astrue, 537 F.3d 117, 127 (2d Cir. 2008). In the present case, the plaintiff argues that the ALJ's evaluation of the evidence was deficient in numerous respects. For the sake of clarity, the magistrate rearranges and combines the plaintiff's many brief arguments as follows.

The plaintiff argues that the ALJ should have added asthma, seasonal allergies, anemia, chronic fatigue syndrome, and numerous orthopedic ailments to the list of her severe impairments. The portions of the record cited by the plaintiff in support of that argument, however, do not establish that those impairments are severe. Dr. Nadeem S. Behjet described the plaintiff's asthma as mild (Tr. 347), and Dr. William H. Pogue assessed her anemia as mild. (Tr. 220, 224) Although the record indicates that the plaintiff suffers from seasonal allergies, chronic fatigue syndrome, and orthopedic problems, there is no characterization of those impairments as severe. Accordingly, it was proper for the

4

ALJ to exclude asthma, seasonal allergies, anemia, chronic fatigue syndrome, and orthopedic problems from the list of the plaintiff's severe impairments.

The plaintiff also contends that the ALJ incorrectly assessed her RFC by failing to consider certain evidence in the record. The plaintiff first cites reports written by Dr. Angela Aldam in late 2005. Dr. Aldam indicated that the plaintiff could walk for as long as 20 minutes "a couple of times a week" (Tr. 230), that she reported pain in her feet and back, and that she had to take frequent breaks while doing housework. The ALJ's decision explained that the plaintiff was able to walk for ten minutes before taking a five to six minute break. (Tr. 19) The decision also referred to the plaintiff's experiences with pain and her ability to perform housework. (Tr. 14-17) Dr. Aldam's reports did not contain any evidence that the ALJ failed to consider.

The plaintiff next cites the psychiatric reviews and mental RFC assessments completed by Dr. Lindsay Harvey in 2005 and Dr. Gregory Hanson in 2006. Dr. Harvey and Dr. Hanson both concluded that the plaintiff had moderate difficulty in maintaining concentration, persistence, or pace (Tr. 273, 307) and that she was moderately limited in her "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." (Tr. 260, 294) Dr. Hanson further

5

determined that the plaintiff had experienced one or two episodes of decompensation of extended duration, which are considered mild or moderate. (Tr. 273) Although the plaintiff argues that the ALJ failed to consider those findings, the ALJ explicitly stated that she gave "great weight" to the opinions of Dr. Harvey and Dr. Hanson. (Tr. 21) Those opinions identified moderate limitations, not marked or extreme limitations. The ALJ also explained that the plaintiff had not sought psychological or psychiatric treatment, counseling, or therapy until February 2008 even though she claimed to have suffered from depression for more than ten years and alleged that she became disabled in June 2003. (Tr. 14, 19) The ALJ accordingly determined that the plaintiff's depression did not prevent her from working. The magistrate concludes that the ALJ properly considered the opinions of Dr. Harvey and Dr. Hanson.

The plaintiff also argues that the ALJ's RFC assessment of the plaintiff failed to take into account a report written by Dr. Marc Hillbrand, who conducted a consultative examination of the plaintiff in 2005. Dr. Hillbrand wrote in relevant part: "It is difficult to assess [the plaintiff's] mental status because of a response style characterized by suboptimal effort. . . . She displays some cognitive limitations. She appears capable, from a cognitive perspective, to perform simple, routine repetitive tasks and follow instructions as long as they are simple." (Tr. 283-84) Contrary to the plaintiff's argument, the ALJ explicitly gave

6

"great weight" to Dr. Hillbrand's opinion. (Tr. 21) The ALJ's RFC finding clearly reflects that opinion because the ALJ limited the plaintiff "to following simple 1-2 step instructions in a low stress environment with no fast paced tasks and no high production goals; and demonstrated instructions . . . ." (Tr. 18) The ALJ properly considered Dr. Hillbrand's report.

The plaintiff's last argument with respect to her RFC is that the ALJ insufficiently analyzed her severe impairments of fibromyalgia, headaches, and obesity. In the plaintiff's view, if the ALJ had performed a more thorough analysis, the assessment of the plaintiff's RFC would have been different. The magistrate disagrees with the plaintiff's argument because the ALJ's decision shows that the ALJ fully considered the plaintiff's severe impairments. As to the plaintiff's fibromyalgia, the ALJ cited Dr. Aldam's report in October 2005 that the plaintiff's pain decreased as a result of treatment. (Tr. 15, 230) As to the plaintiff's headaches, the ALJ discussed Dr. Alexander Komm's treatment plan, which successfully managed the plaintiff's pain. (Tr. 15, 247-48) As to the plaintiff's obesity, the ALJ cited the plaintiff's weight of approximately 221 pounds and height of 5 feet 3 inches, noting that the record lacked evidence showing that obesity further limited the plaintiff. (Tr. 15, 20) The plaintiff has not pointed to any evidence in the record suggesting that the ALJ's RFC assessment was incorrect. The magistrate concludes that the ALJ

sufficiently analyzed the plaintiff's severe impairments.

Next, the plaintiff contends that the ALJ improperly assessed her credibility. The plaintiff argues that the ALJ should have accepted the plaintiff's testimony that she was completely unable to work due to constant pain. However, the ALJ's decision explained that the plaintiff was able to shop for three hours once per month, to cook meals, to launder her clothes, to drive to church frequently, and to walk for 10 minutes before taking a five to six minute break. (Tr. 19, 20) The ALJ also noted that the plaintiff responded well to pain medications for her headaches and fibromyalgia and that she failed to seek treatment for depression until February 2008. (Tr. 18-21) Credibility determinations are entrusted to the ALJ because the ALJ has the opportunity to observe the demeanor of the witness. Carroll v. Sec'y of Health & Human Services, 705 F.2d 638, 642 (2d Cir. 1983). After reviewing the entire record, the magistrate determines that the ALJ properly conducted her assessment of the plaintiff's credibility. The ALJ identified many legitimate reasons to doubt the plaintiff's testimony that she was completely unable to work.

The plaintiff's next argument is that the ALJ improperly relied on the testimony of the vocational expert, Dr. Steven Sachs. In response to the ALJ's hypothetical scenario, Dr. Sachs testified that a person with the plaintiff's RFC could perform the jobs of hand packer or food preparation worker. The hypothetical scenario

was as follows: A person with "[a] high school education achieved in Puerto Rico, who does not speak English, . . . [is] limited to simple one/two-step directions, in a low-stress, no fast-paced environment, with no high production goals, and [is given] instructions by demonstration only; who is able to lift and carry 10 pounds frequently and 20 pounds occasionally. . . . [The person] can sit, stand, and walk a total of 8 hours per day, and [is] allow[ed] the opportunity to shift briefly in each of those positions. [The person] cannot climb ladders, ropes, or scaffolds. [The person] can occasionally climb ramps or stairs. [The person] can occasionally balance, stoop, kneel. [The person cannot be] crouching or crawling, and can occasionally reach overhead or reach in all other directions with her left arm." (Tr. 44-45)

The plaintiff argues that the ALJ's hypothetical scenario failed to take into account the reports and opinions of Dr. Aldam, Dr. Harvey, Dr. Hanson, and Dr. Hillbrand. That argument is merely a restatement of the plaintiff's previous arguments regarding the reports and opinions of those physicians, and the magistrate previously concluded that the ALJ properly considered them. The ALJ's hypothetical scenario was based on substantial evidence because it included all of the plaintiff's significant abilities and limitations.

Accordingly, the magistrate recommends that the plaintiff's motion to reverse or to remand (Dkt. #14) be DENIED and the

9

Commissioner's motion to affirm (Dkt. #18) be GRANTED. Either party may timely seek review of this recommended ruling in accordance with Rule 72 (b) of the Federal Rules of Civil Procedure. Failure to do so may bar further review. 28 U.S.C. § 636 (b)(1)(B); <u>Small v. Sec'y of Health and Human Servs.</u>, 892 F.2d 15, 16 (2d Cir. 1989).

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut, this 26th day of July, 2010.**

**<u>/s/ Thomas P. Smith</u>**
**Thomas P. Smith**
**United States Magistrate Judge**