UNITED STATES DISTRICT COURT

                      DISTRICT OF CONNECTICUT


**MAYRA E. BURGOS,**
         **- Plaintiff,**


         **v.**                              **CIVIL NO. 3:09-CV-1216 (VLB)(TPS)**


**MICHAEL J. ASTRUE,**
**COMMISSIONER, SOCIAL**
**SECURITY ADMINISTRATION**
         **- Defendant.**


         **RULING ON PLAINTIFF'S MOTIONS FOR ATTORNEY'S FEES & COSTS**

Pending before the Court are plaintiff's motions for costs (dkt. #28) and attorney's fees (dkt. #27) pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Plaintiff's attorney, Charles A. Pirro III, requests fees in the amount of $180.00 per hour in both 2009 and 2010.[1] Charging for 56.60 hours of work, plaintiff requests a total of $10,188.00 in attorney's fees.

---

[1] Under the EAJA, the rate of compensation is capped at $125 per hour, which may be adjusted upward to account for increases in the cost of living or for a special factor, such as the limited availability of qualified attorneys. 28 U.S.C. § 2412(d)(2)(A). The plaintiff seeks an enhancement of the statutory rate due to cost of living increases from 1996 through 2009 and 2010, as measured by the Consumer Price Index. See Harris v. Sullivan, 968 F.2d 263, 265 (2d Cir. 1992) (cost of living is not defined in EAJA and is appropriately measured by the Consumer Price Index). The Commissioner has not objected to the requested hourly rates, and the court will accept plaintiff's counsel's representation that the requested rates of $180.00 for 2009 and 2010 accurately reflect the increase in the cost of living as measured by the Consumer Price Index.

The defendant, the Commissioner of the Social Security Administration ("Commissioner"), opposes plaintiff's motion for attorney's fees, claiming that it should be denied since the Commissioner's litigation position was substantially justified. [Dkt. #29.] In the alternative, the Commissioner claims that the number of hours that plaintiff's counsel charged is excessive and should be substantially reduced. Id. For the reasons set forth below, plaintiff's motion for attorney's fees [dkt. #27] is **DENIED**.

Plaintiff's counsel also requests costs in the amount of $576.40. [Dkt. #28] This sum has two components: $350 for court filing fees and $226.40 for service of process by a Connecticut State Marshal. The Commissioner does not oppose this request. Consequently, the plaintiff's motion for reimbursement of costs is **GRANTED**, absent objection, in the amount of $576.40.

**I. Background**

Due to the narrow issues before the court, only a brief recitation of the facts is necessary. On September 7, 2006, plaintiff applied for Disability Insurance Benefits ("DIB"), alleging disability due to a combination of physical and mental illnesses. See Pl.'s Compl. 1, ECF No. 1. Her claim was denied initially and on reconsideration. Id. at 1-2. Upon rehearing, an Administrative Law Judge ("ALJ") determined that plaintiff was not eligible for DIB. Id. at 2. On February 22, 2010, plaintiff filed a motion seeking review of the Commissioner's final decision

2

denying benefits. [See Dkt. #14.] On March 29, 2010, the Commissioner filed a motion to affirm the Commissioner's decision. On July 26, 2010, the undersigned recommended that United States District Judge Vanessa L. Bryant deny plaintiff's motion to reverse and remand and grant the Commissioner's motion to affirm. Plaintiff objected to this recommended ruling on August 2, 2010, and the Commissioner filed a response in support of the recommended ruling on September 9, 2010.

On September 22, 2010, Judge Bryant released an opinion in which she adopted in part and denied in part the undersigned's recommended ruling. [See dkt. #25.] Specifically, Judge Bryant instructed that the case be remanded "so that the ALJ can specifically identify all of the Plaintiff's impairments, both severe and non-severe, and evaluate their combined impact on her ability to work" and for the ALJ "to clarify the basis for the finding that the Plaintiff has never experienced any episodes of decompensation despite Dr. Harvey's report to the contrary." See id. at 8, 14. In so ruling, Judge Bryant granted in part and denied in part plaintiff's motion to reverse or remand, granted in part and denied in part the Commissioner's motion to affirm, and ordered the Clerk to close the case. See id. at 17. The instant motions followed on December 6, 2010.

## II. Discussion

### A. Legal Standard

The EAJA provides:

> [A] court shall award to the prevailing party other than the United States fees and other expenses, in addition to any costs awarded . . . , incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The statute further provides that "a judgment for costs . . . may be awarded to the prevailing party in any civil action brought by or against the United States . . . ." Id. at § 2412(a)(1). When seeking attorney's fees under the EAJA, the prevailing party first must allege that the Commissioner's position was not substantially justified. See: 28 U.S.C. § 2412(d)(1)(B). The burden then shifts to the Commissioner to show that his position was substantially justified. See Scarborough v. Principi, 541 U.S. 401, 414-15 (2004). To meet this burden, the Commissioner must show that its position "had a reasonable basis in both law and fact." See Ericksson v. Comm'r of Social Security, 557 F.3d 79, 81 (2d Cir. 2009)(quoting Pierce v. Underwood, 487 U.S. 552, 563 (1988)). This test is "essentially one of reasonableness." Fed. Election Comm'n v. Political Contributions Data, Inc., 995 F.2d 383, 386 (2d Cir. 1993); see also Curry v. Apfel, 209 F.3d 117, 122 (2d Cir. 2000)(substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). The government's failure to

4

prevail does not raise a presumption that its position was not substantially justified. Cohen v. Bowen, 837 F.2d 582, 585 (2d Cir. 1988).

**B. Legal Analysis**

This action is a "civil action" and the Commissioner concedes that plaintiff was a "prevailing party." Whether plaintiff is entitled to attorney's fees, therefore, turns on whether the Commissioner's position was "substantially justified." In determining whether the Commissioner's position was substantially justified, "courts should rely on 'objective indicia' such as . . . the views of other courts on the merits." Pierce v. Underwood, 487 U.S. at 568. "[A] string of losses [for the Government] can be indicative; and even more so a string of successes." Id. at 569. Since the plaintiff has sustained his initial burden of alleging that the Commissioner's position was not substantially justified, the Court will now address whether the Commissioner has met his burden of showing that his position did, in fact, have a reasonable basis in both law and fact.

The Commissioner centers his argument largely on the proposition that "if reasonable people could differ as to [the appropriateness of the contested action]," the Commissioner's position may still be "substantially justified." Pierce, 487 U.S. at 565. First, the Commissioner notes that the undersigned agreed with the Commissioner regarding the following issues:

5

1.) The ALJ's conclusion at step five of the five-step sequential evaluation process that plaintiff, unable to perform her past relevant work due to her reduced residual functional capacity ("RFC"), would still be able to perform other work existing in significant numbers in the national economy;

2.) The fact that the ALJ based his conclusion at step five on testimony from a vocational expert in response to the ALJ's hypothetical question;

3.) The ALJ's hypothetical was proper because it accurately accounted for plaintiff's work restrictions and RFC; and

4.) Substantial evidence supported the ALJ's decision that plaintiff retained the RFC to perform a significant number of jobs existing in the national economy, and thus was not disabled.

Next, the Commissioner notes that Judge Bryant agreed with the undersigned and the Commissioner on the following issues:

1.) The ALJ's evaluation of plaintiff's fibromyalgia and headaches;

2.) The proper legal standard for determining the severity of an impairment;

3.) The ALJ's determination of plaintiff's RFC;

4.) The ALJ's evaluation of Dr. Harvey's and Dr. Hanson's assessments of plaintiff; and

5.) The ALJ's step-five conclusion that there is a significant number of jobs existing in the national economy that plaintiff could perform.

Finally, the Commissioner emphasizes that Judge Bryant did not adopt the undersigned's recommendation to affirm the Commissioner's decision. Rather, Judge Bryant remanded the case so that the ALJ could make specific findings as to:

1.) The combined effect of all of plaintiff's impairments, both severe and non-severe;

2.) Plaintiff's ability to work; and

3.) The clarification of the ALJ's basis for concluding that plaintiff had not experienced any episodes of decompensation, despite a psychological consultative report from Dr. Harvey indicating that she had.

The Commissioner concludes by arguing that his position is justified even though reasonable people -- in this case, the undersigned and District Judge Bryant -- could (and did) arrive at two different conclusions regarding whether the Commissioner's decision was supported by substantial evidence.

Plaintiff, on the other hand, argues that "where the Administration has presented virtually no credible evidence to support a finding of not disabled, the government's position will usually be found not to be justified." Pl.'s Mem. Supp. 4, quoting Healey v. Leavitt, 485 F.3d 63, 67-68 (2d Cir. 2007). Plaintiff further argues that "the fact that the Administration has some evidence does not necessarily render its position justified." Id., citing Conn. State Dept. Soc. Services v. Thompson, 289 F. Supp. 198, 202 (D. Conn. 2003). In support of these contentions, plaintiff emphasizes that the Court agreed with several of her arguments and ultimately ordered the Commissioner to consider the following issues on remand:

1.) All of plaintiff's illnesses and ailments;

2.) All of plaintiff's illnesses and ailments in combination; and

3.) Clarification of issues surrounding the ALJ's findings and conclusions regarding plaintiff's mental illness.

7

According to plaintiff, the Commissioner's position was not "justified to a degree that could satisfy a reasonable person," Pierce, 487 U.S. at 565, because the ALJ failed to properly evaluate the medical and vocational evidence.

Next, plaintiff discusses the number of times in which the Commissioner opposed her claims for benefits, as well as the number of times in which her claims for benefits were denied. Specifically, plaintiff mentions how "[a]t the administrative levels, Defendant took a position as an adversary of Plaintiff" and how her claims for benefits "were denied repeatedly at various administrative levels, which required Mrs. Burgos to obtain an attorney and to appeal to this Court." Furthermore, plaintiff notes how the Commissioner opposed her claims, filed an answer to her complaint, and submitted "two lengthy [m]emoranda in opposition" to her claims. Plaintiff concludes by noting that "this sequence of denials is an example of what Judge Frank Theis described as 'the SSA's dogged fixation on reduction of expenses through unfounded denial of benefits to the helpless.'" Espinosa v. Sec'y of Health & Human Services, 565 F. Supp. 810, 815 (D. Kansas 1983).

Plaintiff's arguments are unconvincing. First, plaintiff fails to show that the Commissioner's "dogged fixation on reduction of expenses" represents an unfounded denial of benefits rather than a continuous and proper application of the Social Security

8

regulations. As discussed supra, in deciding whether the Commissioner's position was substantially justified, "courts should rely on 'objective indicia' such as . . . the views of other courts on the merits." Pierce v. Underwood, 487 U.S. at 568. "[A] string of losses [for the Government] can be indicative; and even more so a string of successes." Id. at 569. Therefore, in the absence of evidence suggesting that the Commissioner's decision to deny benefits was unfounded, the fact that plaintiff's claims were repeatedly denied on the merits only further demonstrates that the Commissioner's position was substantially justified. In this way, plaintiff's reliance on the Commissioner's sequence of denials is misplaced.

Plaintiff's argument that the Commissioner's position was not substantially justified because the "ALJ failed to properly evaluate the medical and vocational evidence" is similarly unconvincing. Judge Bryant remanded plaintiff's case so that the ALJ could make specific findings as to:

1.) The combined effect of all of plaintiff's impairments, both severe and non-severe;

2.) Plaintiff's ability to work; and

3.) The clarification of the ALJ's basis for concluding that plaintiff had not experienced any episodes of decompensation, despite a psychological consultative report from Dr. Harvey indicating that she had.

A district judge's decision to remand a case for lack of substantial evidence does not conclusively indicate that the

9

Commissioner's position was not substantially justified. See Pierce, 487 U.S. at 568-69. Rather, the Commissioner's position is substantially justified as long as there was a reasonable basis in law and fact for his determination. Kerin v. U.S. Postal Service, 218 F.3d 185, 189 (2d Cir. 2000).

In this case, the Commissioner had such a reasonable basis for his determination. For instance, the ALJ stated that he "considered all symptoms and the extent to which these symptoms can be accepted as consistent with the objective medical evidence." (Tr. 18.) Such consideration represents a reasonable basis for his determination. However, Judge Bryant pointed out that the ALJ "did not actually identify and consider each of the Plaintiff's impairments, both severe and non-severe, in the administrative decision. . . . Accordingly, this matter is remanded so that the ALJ can specifically identify all of the Plaintiff's impairments, both severe and non-severe, and evaluate their combined impact on her ability to work." The fact that Judge Bryant remanded the case to elicit more substantial evidence does not mean that the Commissioner's decision to deny benefits was not substantially justified.

In short, the Commissioner has met his burden of making a "strong showing" of substantial justification "that could satisfy a reasonable person." Pierce, 487 U.S. 565, 566 n.2. Looking at both the law and the facts of this case, plaintiff's claim for

10

benefits was denied at every level of review, including by the undersigned's recommended ruling. Although reasonable people (e.g., the undersigned and Judge Bryant) could differ on the degree to which the administrative record ought to be developed, the Commissioner's position was substantially justified.

**III. Conclusion**

For the foregoing reasons, the plaintiff's motion for attorney's fees (dkt. #27) is **DENIED,** and the plaintiff's motion for costs (dkt. #28) is **GRANTED,** absent objection.

This is not a recommended ruling. This is a ruling and order reviewable pursuant to the "clearly erroneous" standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6, 72(a); Rule 72.2 of the Local Rules for U.S. Magistrate Judges. As such, it is an order of the court. See 28 U.S.C. § 636(b)(1)(C) (written objections to ruling must be filed within fourteen days after service of same).

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut, this 13th day of January, 2011.**

/s/ Thomas P. Smith
**Thomas P. Smith**
**United States Magistrate Judge**