UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MAYRA BURGOS, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:09-cv-1216 (VLB) |
| MICHAEL J. ASTRUE, | : | |
| COMMISSIONER, | : | |
| SOCIAL SECURITY ADMINISTRATION, | : | |
| Defendant. | : | March 18, 2011 |

### RULING ON OBJECTION TO MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES [Doc. #33]

The plaintiff, Mayra Burgos, objects to Magistrate Judge Thomas P. Smith's order denying her motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The plaintiff argues that the magistrate judge's order was clearly erroneous. For the reasons set forth below, the plaintiff's objection is overruled.

### I. PROCEDURAL BACKGROUND

The plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of the final decision of the defendant, the Commissioner of Social Security ("Commissioner"), denying her applications for a period of disability, disability insurance benefits, and supplemental security income. The plaintiff filed a motion to reverse the Commissioner's decision [Doc. #14], and the Commissioner filed a motion to affirm [Doc. #18]. Those motions were referred to the magistrate judge, who recommended that the plaintiff's motion to reverse be

denied and the Commissioner's motion to affirm be granted.  Burgos v. Astrue, Docket No. 3:09-cv-1216 (VLB) (TPS), 2010 WL 2976208 (D. Conn. July 26, 2010). [Doc. #20]

The plaintiff objected to the recommended ruling, and the Commissioner filed a response.  [Docs. #21, 24]  This Court sustained the plaintiff's objection in part, remanding the case to the Administrative Law Judge (ALJ) to articulate whether certain impairments claimed by the plaintiff are severe and whether the combination of all of her impairments renders her unable to work.  Burgos v. Astrue, Docket No. 3:09-cv-1216 (VLB), 2010 WL 3829108 at *3, *8 (D. Conn. Sept. 22, 2010).  [Doc. #25, pp. 6-8, 17]  The Court also directed the ALJ to explain a statement in her decision regarding the plaintiff's episodes of decompensation of extended duration.  Id. at *6, *8.  [Doc. #25, pp. 14, 17]

Following entry of judgment, the plaintiff moved for attorney's fees pursuant to the EAJA, and the Commissioner opposed the motion.  [Docs. #27, 29]  The magistrate judge denied the plaintiff's motion.  Burgos v. Astrue, Docket No. 3:09-cv-1216 (VLB) (TPS), 2011 WL 124506 (D. Conn. Jan. 13, 2011).  [Doc. #32]  The plaintiff objected to that ruling, and the Commissioner filed a response. [Docs. #33, 34]  The plaintiff's objection is now before this Court.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

After a magistrate judge rules on a nondispositive motion, Federal Rule of Civil Procedure 72(a) specifies that "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly

2

erroneous or is contrary to law."  See also 28 U.S.C. § 636(b)(1)(A).  "A district court is justified in finding a magistrate judge's ruling clearly erroneous where, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . .  Given such a highly deferential standard of review, magistrate judges are afforded broad discretion and reversal is appropriate only if that discretion is abused."  Highland Capital Mgmt., L.P. v. Schneider, 551 F. Supp. 2d 173, 177-78 (S.D.N.Y. 2008).

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).

"The Commissioner bears the burden of showing that his position was 'substantially justified,' which the Supreme Court has construed to mean 'justified to a degree that could satisfy a reasonable person.'  Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988).  To make this showing, the Commissioner must demonstrate that his position had a 'reasonable basis both in law and fact.'  Id. at 563, 108 S. Ct. 2541 . . . ."  Ericksson v. Comm'r of Soc. Sec., 557 F.3d 79, 81-82 (2d Cir. 2009).  The EAJA

specifies that the "position of the United States" means "the position taken by the United States in the civil action [and] the action or failure to act by the agency upon which the civil action is based . . . ."  28 U.S.C. § 2412(d)(2)(D).

The fact that a case is remanded does not, in and of itself, suffice to establish that the Commissioner's position and the ALJ's decision lacked substantial justification.  "[T]he substantial justification standard 'should not be read to raise a presumption that the Government position was not substantially justified, simply because it lost the case.'  H.R. Rep. No. 96-1418, 96th Cong., 2d. Sess., 11 (1980), reprinted in 1980 U.S. Code Cong. & Admin. News, 4984, 4990."  Cohen v. Bowen, 837 F.2d 582, 585 (2d Cir. 1988).  Substantial justification exists when the Commissioner's position and the ALJ's decision have a reasonable basis in law and fact.  Kerin v. U.S. Postal Serv., 218 F.3d 185, 189 (2d Cir. 2000).

### III. DISCUSSION

The Court must bear in mind both the civil action and the ALJ's decision in determining whether the Commissioner's position was substantially justified.  The Commissioner prevailed before the ALJ and the magistrate judge, and this Court agreed with most of the ALJ's decision and the magistrate judge's recommended ruling.  The Court therefore examines the two issues identified for remand and whether the Commissioner had a reasonable basis for opposing the plaintiff with respect to those issues.

First, the Court instructed the ALJ to determine whether the plaintiff's asthma, seasonal allergies, anemia, chronic fatigue syndrome, and orthopedic

4

ailments are severe and to evaluate their combined effect on the plaintiff's ability to work. Although the ALJ did not discuss those impairments, the magistrate judge explained that the evidence relating to them was weak. Doctors described the plaintiff's asthma and anemia as mild and did not characterize her seasonal allergies, chronic fatigue syndrome, and orthopedic problems as severe. Burgos, 2010 WL 2976208 at *2. [Doc. #20, pp. 4-5] It is possible, but not necessarily likely, that on remand the ALJ will reverse her original findings and conclude that the plaintiff is disabled. In sustaining the plaintiff's objection to the magistrate judge's recommended ruling, the Court afforded the plaintiff an additional opportunity to prevail before the ALJ, but it was a close call because the evidence was weak. In light of that weakness, it was factually and legally reasonable for the Commissioner to oppose the plaintiff on this issue in the civil action.

At the agency level, the weakness of the evidence may have caused the ALJ to decide to exclude the five disputed impairments from her decision. It is impossible to know for certain why the ALJ excluded them until the case is remanded. Because the omission reasonably could have been based on the weakness of the evidence, the ALJ's decision was substantially justified pursuant to the EAJA. The weakness of the evidence was the factually and legally reasonable basis for the ALJ's decision denying payment of benefits to the plaintiff.

The secondary issue on which the Court remanded the case concerned the ALJ's statement about the plaintiff's episodes of decompensation of extended

duration. Although the statement was apparently incorrect, the ALJ nevertheless determined that the plaintiff's depression was a severe impairment. The ALJ's statement appeared to be inconsistent with her conclusion. It would therefore appear that the error was harmless. While any errors are regrettable, their existence is contemplated by the system of judicial review enacted by Congress. It was not factually and legally unreasonable for the Commissioner to oppose the plaintiff's civil action just because the ALJ's decision contained an error that was likely harmless.

## IV. <u>CONCLUSION</u>

The Court is not left with the definite and firm conviction that the magistrate judge issued a clearly erroneous order. The plaintiff's objection to the magistrate judge's order denying the plaintiff's motion for attorney's fees [Doc. #33] is overruled.

                                        IT IS SO ORDERED.

                                        /s/
                                      Vanessa L. Bryant
                                      United States District Judge

Dated at Hartford, Connecticut: March 18, 2011.